UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER COMMINEY, | Case No.: 1:17-cv-00251-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| SGT. B. CASTELLE, et al., | |
| Defendants. | [ECF No. 1] |

Plaintiff Walter Comminey is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed February 21, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff tried to mail his legal transcripts and staff at California Substance Abuse and Treatment Facility assured him that the box would be mailed at a later date. Plaintiff discovered that the box was never mailed. He wrote a request to receiving and release inquiring as to the whereabouts of his legal property. Officer Sumpter advised Plaintiff that the box would be placed on a shelf in receiving and release.

Sergeant B. Castello conducted an interview and assured Plaintiff he would receive his box of property but it never happened. Officer Sumpter admitted to possession of Plaintiff's property, and Plaintiff cannot file further appeals without his transcripts.

Plaintiff requests reimbursement in the amount of $100,000.00 for pain and suffering.

///
///
///

# III.

# DISCUSSION

### A. Legal Property

Plaintiff alleges a claim under the Due Process Clause of the Fourteenth Amendment, which protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Due process protections extend only to deprivations of protected interests," Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972)), and prisoners have a protected property interest in the funds in their prison trust accounts, Shinault, 782 F.3d at 1057 (citing Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985)). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick, 754 F.2d at 1524, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

In this instance, Plaintiff alleges that prison officials' negligent conduct lead to the loss of his legal transcripts and he seeks compensation as a result. Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property under section 1983. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff fails to state a cognizable claim for the loss of his legal transcripts.

### B. Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518

U.S. at 351; Phillips, 588 F.3d at 655.  The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  However, Plaintiff must allege "actual injury" as a threshold requirement to any access to the courts claim.  In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim.  Harbury, 536 U.S. at 413-14.  The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued."  Id. at 417.

Here, Plaintiff alleges only that he cannot file further appeals without his transcripts, but provides no details of any "actual injury."  Accordingly, Plaintiff fails to set forth a cognizable access to the courts claim.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.

4

1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed February 21, 2017, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 18, 2017**

UNITED STATES MAGISTRATE JUDGE