UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER COMMINEY,<br><br>  Plaintiff,<br><br> v.<br><br>SGT. B. CASTELLE, et al.,<br><br>  Defendants. | Case No.: 1:17-cv-00251-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 7] |

 Plaintiff Walter Comminey is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not consented or declined to United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

 Currently before the Court is Plaintiff's first amended complaint, filed May 5, 2017.

**I.**

**SCREENING REQUIREMENT**

 The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Correctional officer Hopkins placed Plaintiff's box of court transcripts in building six dining room "property closet," and assured Plaintiff that it would be taken to receiving and release (R&R) to be mailed out on Plaintiff's behalf. After two weeks, the property was still in building six "property closet," and it was subsequently sent to R&R by officer Sumpter. Plaintiff filed a request for interview regarding the status of his property. Plaintiff was informed that the property was on Sumpter's shelf and it could not be mailed out, so Plaintiff requested it back. Plaintiff was assured that it would be sent soon as the officer would pick it up. Plaintiff never received the property. Plaintiff continued to file inmate grievances regarding the return of his property. Plaintiff contends he is entitled to compensation for the negligent loss of his property.

///

# III.

# DISCUSSION

## A. Due Process-Property Deprivation

Plaintiff alleges a claim under the Due Process Clause of the Fourteenth Amendment, which protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Due process protections extend only to deprivations of protected interests." Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick, 754 F.2d at 1524, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

In this instance, Plaintiff alleges that prison officials' negligent conduct lead to the loss of his legal property and he seeks compensation as a result. Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property under section 1983. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff fails to state a cognizable claim for the loss of his legal property.

Furthermore, there are no constitutional requirements regarding how a grievance system is operated. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, Plaintiff may not impose liability on a Defendant simply because he played a role in processing Plaintiff's appeals or because the appeals process was otherwise rendered unfair. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty

interest requiring the procedural protections envisioned by the fourteenth amendment." (internal quotations omitted)).

   **B.   Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. However, Plaintiff must allege "actual injury" as a threshold requirement to any access to the courts claim. In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." Id. at 417.

Here, Plaintiff alleges only that he cannot file further appeals without his transcripts, but provides no details of any "actual injury." Accordingly, Plaintiff fails to set forth a cognizable access to the courts claim.

# IV.
# RECOMMENDATIONS

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a due process violation or access to the court, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130

(9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief; and

2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 10, 2017**

UNITED STATES MAGISTRATE JUDGE